# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05-CV-495-RJC-DCK

| | |
|---|---|
| BARRY W. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CINGULAR WIRELESS LLC, et al., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion Under Fed.R.Civ.P. 56(f) For Refusal Of Application For Partial Summary Judgment Or For Additional Discovery" (Document No. 91), filed April 26, 2007; "Defendant T-Mobile USA Inc's Memorandum In Opposition ..." (Document No. 93), filed May 14, 2007; and "Plaintiff's Reply Brief In Response To Memorandum Of Defendant ... In Opposition..." (Document No. 95), filed May 29, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will grant the motion in part.

## I. DISCUSSION

Plaintiff's pending motion requests that the Court refuse the Defendant's "...Motion For Summary Judgment Of Laches" (Document No. 88), or in the alternative allow discovery on the issue of laches. Plaintiff notes that the Court ordered on September 14, 2006, that all discovery in these cases not related to claim construction be **stayed** pending the resolution of claim construction. (Document No. 63). On February 28, 2008, the Honorable Robert J. Conrad, Jr. issued an "Order

And Memorandum On Claim Construction" (Document No. 98).

Defendant T-Mobile USA, Inc. claims Plaintiff's motion for discovery pursuant to Fed.R.Civ.P. 56(f) is deficient because Plaintiff did not file an affidavit required by Rule 56(f) and failed to identify with specificity what discovery he requires.

Generally, "[t]he rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, oppress or, that causes undue burden or expense to the opposing party. See Fed.R.Civ.P. 26(c). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The Fourth Circuit specifically weighed the conflict between a general preference for adequate time for discovery and the requirements of Rule 56(f) in Harrods Ltd. v. Sixty Internet Domain Names, et al., 302 F.3d 214 (4th Cir. 2002). Medlock v. Rumsfeld, 356 F.Supp.2d 452, 469 (D.Md. 2002). In Harrods, the Fourth Circuit stated that when a party seeks discovery to enable it "to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, et al., 302 F.3d 214, 244 (4th Cir. 2002) quoting Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961 (4th Cir.

1996).  The Harrods decision then further opined:

> Indeed, "'the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'"  Nevertheless, in some cases courts have held that summary judgment was premature even when the opposing party failed to file a Rule 56(f) affidavit.  "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition."  When the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, courts have not always insisted on a Rule 56(f) affidavit if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary.  Specifically, if the nonmoving party's objections before the district court "served as the functional equivalent of an affidavit," ... and if the nonmoving party was not lax in pursuing discovery, then we may consider whether the district court granted summary judgment prematurely, even though the nonmovant did not record its concerns in the form of a Rule 56(f) affidavit.

Id. at 244-45 (citations omitted).

Plaintiff argues no affidavit is required under the circumstances of this case.  The undersigned agrees.  As discussed above, by Court order, discovery on any issue other than claim construction has been precluded since before the "...Motion For Summary Judgment Of Laches" (Document No. 88) was filed.  Therefore, the Court cannot find the Plaintiff was lax in pursuing discovery.  Although an affidavit is missing from the Rule 56(f) motion, the undersigned finds that the motion itself, under these circumstances, was sufficient and the "functional equivalent of an affidavit" to adequately inform the Court of Plaintiff's position on the pending motion for partial summary judgment.

The undersigned is also satisfied that Plaintiff's motion was made in good faith and reasonably specified the discovery sought.  Nevertheless, the Court will require that the parties

3

consult and file a joint proposed discovery plan, if possible, specifying the discovery sought and time frame for conducting that discovery. The Court is aware that the passage of time, as well as other activity in this case, or those cases similarly situated, may have impacted the discovery required and the time necessary to conduct such discovery. If the parties cannot agree on a proposed discovery plan, they shall file separate proposed orders.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion Under Fed.R.Civ.P. 56(f) For Refusal Of Application For Partial Summary Judgment Or For Additional Discovery" (Document No. 91) is **GRANTED IN PART**, as described above. The Court will therefore allow discovery regarding the issue of laches.

**IT IS FURTHER ORDERED** that the parties shall file a proposed discovery plan, jointly if possible, on or before **April 15, 2008,** for discovery on the issue of laches. The proposed discovery plan shall specify the discovery sought. The Court anticipates a relatively brief laches-related discovery period to allow Plaintiff to gather information to support a response to "Defendant T-Mobile USA, Inc's Motion For Summary Judgment Of Laches" (Document No. 88), but will make a final determination after review of the parties' proposed order(s).

**SO ORDERED**.

Signed: March 31, 2008

David C. Keesler
United States Magistrate Judge